Heilman v. State.

JEREMIAH L. HEILMAN V. STATE OF NEBRASKA.

FILED JULY 19, 1922.   No. 22137.

1. **Embezzlement:** DEFENSES: RESTORATION OF FUND. In a prosecution against a county treasurer for the embezzlement of county funds, proof that money feloniously converted by him was returned to the county treasury after the shortage had been discovered and exposed is no defense under the Nebraska statute (Rev. St. 1913, sec. 8654).

2. ———: PROOF. In a prosecution against a county treasurer for the embezzlement of county funds between two dates during his incumbency, the amount embezzled may be determined by adding felonious conversions at different times in different amounts between the specific dates charged.

3. **Criminal Law:** EVIDENCE: PUBLIC RECORDS. Public records kept by a county treasurer are admissible as evidence of the officer's acts when in issue.

4. **Witnesses:** EVIDENCE: EXPERT ACCOUNTANT. An expert accountant who has examined books of a public officer to ascertain an issuable fact and compiled a statement therefrom may refresh his memory from the compilation and testify to the result of his examination, where the books used by him in making his compilation are in court and available to both parties.

5. **Criminal Law:** HARMLESS ERROR. Immaterial and harmless errors in a criminal prosecution, where the evidence of defendant's guilt is conclusively shown beyond a reasonable doubt, are not grounds for reversing a conviction.

ERROR to the district court for Thomas county: BAYARD H. PAINE, JUDGE. *Affirmed.*

*Lincoln Frost, N. T. Gadd, J. H. Evans* and *J. W. Kinsinger,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *W. A. Prince, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, ALDRICH, DAY and FLANSBURG, JJ.

DAY, J.

In the district court for Thomas county Jeremiah L. Heilman, defendant, was convicted of embezzling, as

county treasurer, $9,000 of county funds. For that offense he was sentenced to pay a fine in double the amount of the embezzlement and to serve in the penitentiary a term not less than 1 year nor more than 21 years—statutory penalties. Rev. St. 1913, sec. 8654. As plaintiff in error defendant has brought the record of his conviction here for review.

The principal grounds urged for a reversal are insufficiency of the evidence to sustain the verdict of guilty to the extent of $9,000 and errors in rulings on evidence. The evidence is conclusive that defendant converted to his own use at various times county funds in different amounts. He used some of the county money in his hands as if it belonged to himself individually. Proof of these facts is not only undisputed, but items temporarily converted by defendant to his own use, aggregating $5,800, are conceded by him in his own testimony. Notwithstanding conclusive evidence of embezzlement to the extent of $5,800, defendant insists that he restored this money to the treasury and that the jury would not have found him guilty except for inadmissible evidence of an expert accountant who was erroneously permitted to testify, without a proper foundation, to a shortage of $11,372.59. In making allowances for errors and doubtful items in the computation of the expert, the jury seem to have deducted $2,372.59 from his estimated net shortage and found the amount of the embezzlement to be $9,000.

Under the statute defining embezzlement by a public officer, the return of the $5,800 feloniously converted by defendant to his own use is no defense. Rev. St. 1913, sec. 8654. The permanent return of the entire sum is doubtful, but in any event the felony was complete to that extent before there was any attempt on the part of defendant to put back what had been unlawfully taken. The restoration was undertaken after an examiner from the department of trade and commerce had discovered and exposed a shortage. There is no presumption that the jury would not have found defendant guilty to the ex-

tent of $5,800 on proved and conceded facts, except for proofs of a greater shortage.

To sustain a conviction the state was not required to prove the embezzlement of the exact amount charged. The amount embezzled may be determined by adding felonious conversions at different times in different amounts between specific dates given in the information.

The evidence of the expert who testified to the net shortage is assailed in a series of technical objections and rules of law which may be summarized thus: Book entries examined by the expert were inadmissible because not shown to have been made by defendant or with his assent; computations made from inadmissible books are not admissible; production of books is necessary to the introduction of a summary thereof; a summary is admissible only when the books used in making it are too complicated or voluminous for submission to the jury; an expert accountant should not be permitted to state conclusions not solely the result of computations based on the books or records used in making them.

An understanding of the situation that confronted the trial court in ruling on evidence is necessary to a consideration of the objections enumerated. It was the duty of defendant to keep an accurate record and account of his doings as county treasurer during his incumbency. For that period he was the custodian of the public records belonging to the county treasurer's office. He did not at all times keep proper records or make proper entries of his public acts. On the contrary, there were false records to some extent at least. Some of the books were injured or destroyed by fire in the courthouse while there was a shortage in his accounts. The transactions involved the collection of taxes and the disbursements of public funds for a considerable period of time. In addition to complicated transactions and voluminous accounts, the work of estimating the amount of the embezzlements was made more difficult by defective and inaccurate accounts and books. The fire made matters worse. In this situation

the expert was compelled to resort to what the public records disclosed, using the best competent sources of information for that purpose. He pursued that course, and his testimony, for what it was worth, was properly received in evidence for the consideration of the jury. Public records kept by a county treasurer are admissible as evidence of his official acts, when in issue.

An expert accountant who has examined the books of a public officer to ascertain an issuable fact and compiled a statement may refresh his memory from the compilation and testify to the result. The books, records, vouchers and documents used by the expert in making his computation were in court available to defendant, and the evidence was not objectionable on that ground. In admitting the testimony and conclusion of the expert, the rules of evidence were substantially followed. In this view of the record, the guilt of defendant to the extent of $9,000 is shown beyond a reasonable doubt, and such minor errors as may incidentally have crept into a long and complicated record in no wise prejudiced defendant.

A material error has not been pointed out or found.

AFFIRMED.